# Exhibit A

 CT Corporation

**Service of Process Transmittal**
04/09/2014
CT Log Number 524738705

**TO:**   Vanessa Eustace
DTZ, Inc.
275 Grove Street, Suite 3-200
Auburndale, MA 02466-

**RE:**   **Process Served in Georgia**

**FOR:**   DTZ, INC. (Domestic State: MA)

 RECEIVED APR 1 1 2014 BY: *BCL*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Adric Samuel, et al., Pltfs. vs. DTZ, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Complaint |
| **COURT/AGENCY:** | Fulton County Superior Court, Fulton, GA<br>Case # 2014CV244206 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Retaliation - Wrongful termination on the basis of Race |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/09/2014 at 13:10 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kevin D. Fitzpatrick, Jr.<br>Delong Caldwell Bridgers & Fitzpatrick, LLC<br>3100 Centennial Tower<br>101 Marietta Street<br>Atlanta, GA 30303<br>404-979-3150 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798502037528<br>Image SOP<br>Email Notification, Barbara Larkin barbara.larkin@dtz.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Tyeasha Harris<br>1201 Peachtree Street,N.E.<br>Suite 1240<br>Atlanta, GA 30361<br>404-965-3840 |

Page 1 of  1 / AL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SHERIFF'S ENTRY OF SERVICE

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2014CV244206

Date Filed 3/28/14

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, _____ Fulton _____ COUNTY

Attorney's Address

Kevin D. Fitzpatrick, Jr.
Charles R. Bridgers
Delong Caldwell Bridgers +Fitzpatrick, LLC
101 Marietta Street, Suite 3100
Atlanta, GA 30303

Name and Address of Party to be Served.

DTZ, Inc. by and through its
registered Agent CT Corporation System

1201 Peachtree St., N.E.
Atlanta, GA 30361

Addie Samuel, Robert L. Gerdes
and Paul D. Mulkey, Jr.
_____ Plaintiff

VS.

DTZ, Inc. formerly known as
UGL Services Unicco Operations Co.
_____ Defendant

_____

_____

_____

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS**

☐ Delivered same into hands of_____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☒ Served the defendant DTZ, Inc _____ a corporation
by leaving a copy of the within action and summons with Nboste, CT Corp
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This 9 day of April, 20 14.

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

ADRIC SAMUEL, ROBERT L. GERDES ) Case No.: 2014CV244206
and PAUL D. MULKEY, JR. )
)
_____ )
Plaintiff, )
)
vs. )
DTZ, INC. formerly known as )
)
UGL SERVICES UNICCO OPERATIONS CO )
Defendant )
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): DTZ, Inc. through CT Corporation System
1201 Peachtree St.,N.E.,Atlanta,GA 30361

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is: Kevin D. Fitzpatrick, Jr.

Charles R. Bridgers
DeLong, Caldwell, Bridgers & Fitzpatrick, LLC
101 Marietta Street, Suite 3100, Atlanta, GA 30303

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) days of such service. Then time to answer shall not commence until such proof of service has been filed. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This ___28th___ day of __MARCh__, 20 _14_.

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you ___9 April___, 20 _14_

_____
Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

FILED IN OFFICE
MAR 2 8 2014
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

ADRIC SAMUEL, ROBERT L.            :
GERDES and PAUL D. MULKEY, JR.,    :      Civil Action Number:
                                   :      2014 CV 244 206
         Plaintiffs,               :
                                   :      **Jury Trial Demanded**
vs.                                :
                                   :
DTZ, INC. formerly known as UGL    :
SERVICES UNICCO OPERATIONS         :
CO.,                               :
                                   :
         Defendant.                :
                                   :

## COMPLAINT

Plaintiffs Adric Samuel (hereafter "Mr. Samuel"), Robert L. Gerdes (hereafter "Mr. Gerdes") and Paul D. Mulkey, Jr. (hereafter "Mr. Mulkey") (collectively "Plaintiffs"), by and through the undersigned counsel, bring this Complaint against Defendant DTZ, Inc. formerly known as UGL Services Unicco Operations Co. ("DTZ") and show the Court as follows:

## INTRODUCTION

1.

This action is brought pursuant to the Civil Rights Acts of 1964 and 1991 as amended, 42 U.S.C. § 2000e *et seq,* ("Title VII") to seek redress as allowed by law for certain adverse employment actions that DTZ visited upon Plaintiffs on April 18 and 19, 2013 in retaliation for conduct that is protected by Title VII.

1

2.

Plaintiffs seek to recover (1) backpay, accrued vacation, retirement benefits and healthcare benefits, (2) interest on their damages calculated at the prevailing rate, (3) compensatory damages, (4) punitive damages, (5) declaratory relief (6) equitable relief, including reinstatement of employment and (7) reimbursement of their costs of litigation, including their reasonable attorneys' fees.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action because DTZ conducts business operations and maintains a registered agent for purposes of service of process in Fulton County.

4.

Venue properly lies in Fulton County because Defendant conducts business operations in Fulton County.

## PARTIES

5.

Mr. Samuel is a citizen of the United States and a resident of Cobb County in the State of Georgia.

6.

Mr. Samuel is an African American.

2

7.

From February 1996 through April 19, 2013, DTZ employed Mr. Samuel.

8.

From February 1996 through April 19, 2013, DTZ was an "employer" of Mr. Samuel within the meaning of 42 U.S.C. § 2000e-2(a).

9.

At all times material hereto, Mr. Samuel has been an "individual" within the meaning of 42 U.S.C. § 2000e-2(a).

10.

Mr. Gerdes is a citizen of the United States and a resident of Gwinnett County in the State of Georgia.

11.

Mr. Gerdes is Caucasian.

12.

From July 5, 2011 through April 18, 2013, DTZ employed Mr. Gerdes.

13.

From July 5, 2011 through April 18, 2013, DTZ was an "employer" of Mr. Gerdes within the meaning of 42 U.S.C. § 2000e-2(a).

3

14.

At all times material hereto, Mr. Gerdes has been an "individual" within the meaning of 42 U.S.C. § 2000e-2(a).

15.

Mr. Mulkey is a citizen of the United States and a resident of Pike County in the State of Georgia.

16.

Mr. Mulkey is Caucasian.

17.

From April 4, 2006 through April 19, 2013, DTZ employed Mr. Mulkey.

18.

From April 4, 2006 through April 19, 2013, DTZ was an "employer" of Mr. Mulkey within the meaning of 42 U.S.C. § 2000e-2(a).

19.

At all times material hereto, Mr. Mulkey has been an "individual" within the meaning of 42 U.S.C. § 2000e-2(a).

20.

DTZ is a corporation organized under the laws of the State of Massachusetts.

4

21.

DTZ is an outsource service provider of custodial, maintenance and other services throughout the United States, Canada, and Puerto Rico.

22.

DTZ is an "employer" within meaning of 42 U.S.C. § 2000e-2(a)

23.

DTZ conducts business in the Fulton County.

24.

DTZ is subject to the personal jurisdiction of this Court.

25.

At all times material hereto, DTZ assigned the Plaintiffs to work on its behalf at a Federal Express Corporation facility located at 3600 North Inner Loop Road, Atlanta, Georgia.

26.

At all times relevant hereto, DTZ was responsible for promulgating the employment policies and making employment decisions regarding Plaintiffs' employment.

27.

DTZ maintains its principal office at 275 Grove Street, Suite 3-200, Auburndale, Massachusetts 02466.

28.

DTZ may be served with process through its registered agent CT Corporation System, 1201 Peachtree Street, N.E. Atlanta, GA 30361.

## ADMINISTRATIVE PREREQUISITES

29.

On May 16, 2013, Mr. Samuel filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 410-2013-04260) alleging that DTZ had terminated his employment on April 19, 2013 in retaliation for conduct that is protected by Title VII.

30.

Mr. Samuel filed Charge No. 410-2013-04260 within 180 days of his termination.

31.

On March 19, 2014, the EEOC issued to Mr. Samuel a Notice of Right to Sue with respect to Charge No. 410-2013-04260.

32.

This action is commenced within 90 days of Mr. Samuel's receipt of the EEOC's Notice of Right to Sue referenced above.

33.

On May 23, 2013, Mr. Gerdes filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 410-2013-04529) alleging that DTZ had terminated his employment on April 18, 2013 in retaliation for conduct that is protected by Title VII.

34.

Mr. Gerdes filed Charge No. 410-2013-04529 within 180 days of his termination.

35.

On December 30, 2013, the EEOC issued to Mr. Gerdes a Notice of Right to Sue with respect to his Charge of Discrimination.

36.

This action is commenced within 90 days of Mr. Gerdes' receipt of the EEOC's Notice of Right to Sue referenced above.

37.

On May 23, 2013, Mr. Mulkey filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 410-2013-04526) alleging that DTZ had terminated his employment on April 19, 2013 in retaliation for conduct that is protected by Title VII.

38.

Mr. Mulkey filed Charge No. 410-2013-04526 within 180 days of his termination.

39.

On December 30, 2013, the EEOC issued to Mr. Mulkey a Notice of Right to Sue with respect to his Charge of Discrimination.

40.

This suit is filed within 90 days of Mr. Mulkey's receipt of the EEOC's Notice of Right to Sue referenced above.

## FACTUAL ALLEGATIONS

41.

DTZ employed Mr. Samuel as a Maintenance Lead from February 1996 through April 19, 2013.

8

42.

DTZ employed Mr. Gerdes as a Maintenance Mechanic from July 5, 2011 through April 18, 2013.

43.

DTZ employed Mr. Mulkey as a Maintenance Mechanic from April 4, 2006 through April 19, 2013.

44.

Throughout Mr. Samuel's employment with DTZ, some of his Caucasian co-workers repeatedly subjected him to numerous racially charged and derogatory comments and conduct.

45.

By way of example, one Caucasian co-worker, Scott Herring, (hereafter "Mr. Herring") frequently boasted in the presence of Mr. Samuel how his father had been a member of the Klu Klux Klan; how his father had violently confronted African Americans, and how proud he was of his father for that behavior.

46.

When referring to African Americans, Mr. Herring used the pejorative "nigger."

47.

Mr. Herring frequently goaded Mr. Samuel with coarse racial commentary.

48.

The racially charged and derogatory comments directed toward Mr. Samuel by Caucasian co-workers, including Mr. Herring, was severe and pervasive.

49.

On or about May 16, 2012, a co-worker vandalized the tool chest that Mr. Samuel used at work.

50.

The tool chest had previously owned another person. It is a large tool chest, approximately six feet tall. The letters "TONY" had been welded on the side and painted fluorescent green.

51.

When Mr. Samuel took over ownership of the tool chest, he covered it with black spray paint.

52.

On May 16, 2012, the co-worker scraped the spray paint from the letter "N" on the tool chest, leaving a large fluorescent green "N" on an African American's tool chest.

53.

On or about May 16, 2012, Mr. Samuel contacted Federal Express' Security Department to report the incident.

54.

At all times relevant hereto, DTZ employed Wayne Lamm (hereafter "Mr. Lamm") as Area Manager.

55.

Lamm is Caucasian.

56.

At all times relevant hereto, Mr. Lamm was the first level supervisor in the direct chain of command over the Plaintiffs.

57.

On or about May 17, 2012, Mr. Samuel reported the tool chest incident to Mr. Lamm.

58.

On or about May 17, 2012, Mr. Samuel advised Lamm that removal of the paint over the letter "N" was racially motivated.

59.

On or about May 17, 2012, Mr. Samuel advised Lamm that he had been repeatedly subjected to numerous derogatory comments made by Caucasian co-workers, including Mr. Herring, toward African Americans.

60.

On or about May 17, 2012, Mr. Samuel requested an in-person meeting with DTZ to further discuss his vandalized tool box and to address the numerous and repeated racially derogatory comments he was subjected to.

61.

Mr. Lamm assured Mr. Samuel that the matter would be investigated.

62.

DTZ, however, never scheduled an in-person meeting with Mr. Samuel.

63.

On or about May 22, 2012, Mr. Samuel asked the Federal Express Corporate Security representative, Jeff Easter (hereafter "Mr. Easter") as to the status of Federal Express' investigation.

64.

Mr. Easter replied that Mr. Herring had scraped the paint from the letter "N" on his tool chest; that he did so to remove rust; and that this was only "horseplay".

65.

Later that week, Mr. Samuel met with Mr. Lamm.

66.

During this meeting, Mr. Lamm stated his findings: that Mr. Herring had removed the paint to assist in removing rust and that Mr. Herring had been engaged in horse play.

67.

Mr. Lamm then told Herring that "no more conversation is needed regarding this incident".

68.

Mr. Samuel pointed out Mr. Herring's frequent racist commentary and told Mr. Lamm that this was a racially motivated event.

69.

Mr. Lamm told Mr. Samuel to "drop it".

70.

On June 28, 2012, Mr. Lamm told Mr. Samuel that if it was up to him, Mr. Samuel would not be working on the FedEx property.

71.

In May 2012, Mr. Gerdes told Mr. Lamm that he thought that the removal of paint over the letter "N" on Mr. Samuel's tool chest was racially motivated.

72.

In May 2012, Mr. Gerdes told Mr. Lamm that the removal of paint over the letter "N" on Mr. Samuel's tool chest was wrong and should not be tolerated by DTZ.

73.

In May 2012, Mr. Mulkey told Mr. Lamm that he thought that the removal of paint over the letter "N" on Mr. Samuel's tool chest was racially motivated.

74.

In May 2012, Mr. Mulkey told Mr. Lamm that the removal of paint over the letter "N" on Mr. Samuel's tool chest was wrong and should not be tolerated by DTZ.

75.

In or about late May 2012, Mr. Lamm told Mr. Samuel that DTZ had determined that a Caucasian co-worker had vandalized his tool chest.

76.

In or about late May 2012, Mr. Lamm told Mr. Samuel that he had determined that the scraping of paint to reveal the letter "N" on his tool chest was not racially motivated.

77.

In or about late May 2012, Mr. Lamm told Mr. Samuel that he had determined that the scraping of paint to reveal the letter "N" on his tool chest was simply "horseplay".

78.

In or about late May 2012, Mr. Lamm admonished Mr. Samuel for having reported the incident to Federal Express' Security Department.

79.

In or about late May 2012, Mr. Lamm told Mr. Samuel that "no further conversation" was needed regarding the incident.

80.

In or about late May 2012, Mr. Samuel again advised Lamm that he had been subjected to numerous and repeated racially charged derogatory comments made by Caucasian co-workers including Mr. Herring.

81.

DTZ failed to further investigate Mr. Samuel's claims of racial harassment at that time.

82.

On July 9, 2012, Mr. Samuel submitted a written complaint to DTZ's Human Resources Department complaining about the racially charged comments and conduct that he had repeatedly been subjected to by some Caucasian co-workers, including Mr. Herring.

83.

In July 2012, DTZ's Director of Human Resources, Frank Salmonese ("Mr. Salmonese") travelled to the Federal Express facility where the Plaintiffs worked in connection with Mr. Samuel's complaint.

84.

In July 2012, Mr. Salmonese told Mr. Samuel that he was a "troublemaker" and was "causing trouble" by making his complaint.

85.

In July 2012, Mr. Salmonese met with each worker individually to discuss Mr. Samuel's complaint.

86.

In one such meeting, Mr. Salmonese told Mr. Gerdes that he believed that Mr. Samuel was "causing trouble" by making his complaint.

87.

Mr. Gerdes replied to Mr. Salmonese that he believed that the cause of the

trouble had been Mr. Herring's racist commentary and behavior in the work place.

88.

Mr. Gerdes told Mr. Salmonese that this racist commentary and behavior

were offensive to him and that he opposed such racial harassment in the work

place.

89.

In another such meeting, Mr. Mulkey told Mr. Salmonese that the racist

commentary and behavior were offensive to him and that he opposed such racial

harassment in the work place.

90.

In July 2012, Mr. Lamm told Mr. Gerdes that Mr. Herring was the person

who had vandalized Mr. Samuel's tool chest.

91.

In July 2012, Mr. Lamm told Mr. Gerdes that the scraping of the paint from

the letter "N" on the tool chest had been a simple prank.

92.

Mr. Gerdes replied to Mr. Lamm that he believed that Mr. Herring's conduct had been racially motivated and that Mr. Gerdes found that behavior offensive.

93.

On or about August 20, 2012, Mr. Samuel received a response to his complaint from DTZ's Director of Human Resources, Frank Salmonese ("Mr. Salmonese") solely addressing the May 2012 incident involving Mr. Samuel's tool chest.

94.

Mr. Salmonese advised that Mr. Samuel's "...allegations of inappropriate behavior...were substantiated" by an investigation and that "remedial action" was taken against the person who had vandalized his tool chest.

95.

On information and belief, DTZ took no actual remedial action against the person who had vandalized Mr. Samuel's tool chest.

96.

Salmonese failed to address or investigate Mr. Samuel's additional claims of discriminatory and harassing behavior that he was repeatedly subjected to by Caucasian co-workers.

18

97.

DTZ failed to address or investigate Mr. Samuel's additional claims of discriminatory and harassing behavior that he was repeatedly subjected to by Caucasian co-workers.

98.

Mr. Samuel's complaints to Messrs. Lamm and Salmonese and to DTZ were in opposition to conduct made illegal by Title VII.

99.

Mr. Gerdes' complaints to Messrs. Lamm and Salmonese and to DTZ were in opposition to conduct made illegal by Title VII.

100.

Mr. Mulkey's complaints to Messrs. Lamm and Salmonese and to DTZ were in opposition to conduct made illegal by Title VII.

101.

DTZ retaliated against the Plaintiffs for making these complaints by imposing discipline on them for petty rule infractions, while ignoring the petty rule infractions of Herring and other similarly situated workers who had not opposed unlawful conduct.

102.

On April 19, 2013, DTZ terminated Mr. Samuel's employment.

103.

DTZ terminated Mr. Samuel in retaliation for his protected activity in opposition to an unlawful employment practice.

104.

DTZ's proffered reasons for its actions in retaliation against Mr. Samuel are pretextual.

105.

On April 18, 2013, DTZ terminated Mr. Gerdes' employment.

106.

DTZ terminated Mr. Gerdes in retaliation for his protected activity in opposition to an unlawful employment practice, *i.e.,* voicing his opposition against racial harassment in the workplace.

107.

DTZ's proffered reasons for its actions in retaliation against Mr. Gerdes are pretextual.

108.

On April 18, 2013, DTZ terminated Mr. Mulkey's employment.

109.

DTZ terminated Mr. Mulkey in retaliation for his protected activity in opposition to an unlawful employment practice, i.e. voicing his opposition against

20

racial harassment in the workplace.

110.

DTZ's proffered reasons for its actions in retaliation against Mr. Mulkey are pretextual.

## COUNT I
## RETALIATION AS TO MR. SAMUEL

111.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out herein.

112.

DTZ's termination of Mr. Samuel constituted a violation of the anti-retaliation provisions of Title VII.

113.

As a direct and proximate result of DTZ's illegal conduct, Mr. Samuel has suffered loss of employment, loss of income, loss of retirement and healthcare benefits and emotional pain and suffering, in an amount to be proven at trial.

114.

As a direct and proximate result of DTZ's illegal conduct, Mr. Samuel has been forced to incur attorneys' fees and expenses of litigation.

### 115.

As a result of DTZ's actions alleged hereinabove, Mr. Samuel is entitled to declaratory and injunctive relief, award of lost wages and employment benefits reinstatement to his previous position, or, in lieu thereof, front pay, and interest, compensatory damages, costs, attorneys' fees, and any and all such other relief found appropriate in the enlightened conscience of the jury.

## COUNT II
## RETALIATION AS TO MR. GERDES

### 116.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out herein.

### 117.

DTZ's termination of Mr. Gerdes constituted a violation of the anti-retaliation provisions of Title VII.

### 118.

As a direct and proximate result of DTZ's illegal conduct, Mr. Gerdes has suffered loss of employment, loss of income, loss of retirement and healthcare benefits and emotional pain and suffering, in an amount to be proven at trial.

22

119.

As a direct and proximate result of DTZ's illegal conduct, Mr. Gerdes has

been forced to incur attorneys' fees and expenses of litigation.

120.

As a result of DTZ's actions alleged hereinabove, Mr. Gerdes is entitled to

declaratory and injunctive relief, an award of lost wages and employment benefits

reinstatement to his previous position, or, in lieu thereof, front pay, and interest,

compensatory damages, costs, attorneys' fees, and any and all such other relief

found appropriate in the enlightened conscience of the jury.

## COUNT III
## RETALIATION AS TO MR. MULKEY

121.

The allegations in all previous paragraphs above are incorporated by

reference as if fully set out herein.

122.

DTZ's termination of Mr. Mulkey constituted a violation of the anti-

retaliation provisions of Title VII.

123.

As a direct and proximate result of DTZ's illegal conduct, Mr. Mulkey has suffered loss of employment, loss of income, loss of retirement and healthcare benefits and emotional pain and suffering, in an amount to be proven at trial.

124.

As a direct and proximate result of DTZ's illegal conduct, Mr. Mulkey has been forced to incur attorneys' fees and expenses of litigation.

125.

As a result of DTZ's actions alleged hereinabove, Mr. Mulkey is entitled to declaratory and injunctive relief, award of lost wages and employment benefits reinstatement to his previous position, or, in lieu thereof, front pay, and interest, compensatory damages, costs, attorneys' fees, and any and all such other relief found appropriate in the enlightened conscience of the jury.

WHEREFORE, Plaintiffs respectfully pray:

1.    That Plaintiffs' claims be tried before a jury;

2.    That Plaintiffs be awarded amounts to be determined at trial against DTZ in compensatory damages for lost pay, vacation, retirement benefits and healthcare benefits, interest on that amount calculated at the prevailing rate and liquidated damages equal to the amount of compensatory damages;

3.  That the Court order Plaintiffs' reinstatement to their former positions or provide Plaintiffs front pay in lieu of reinstatement;

4.  That Plaintiffs be awarded their costs of litigation, including their reasonable attorneys' fees from DTZ; and

5.  For such other and further relief as the Court deems just and proper.

    Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

Charles R. Bridgers
Ga. Bar No. 080791

**COUNSEL FOR PLAINTIFFS**

25

# CT Packing Slip

CT Corporation

**FedEx Tracking # :** 798502037528
**Created By :** Adonis Lagahid
**Created On :** 04/09/2014 07:02 PM

**Recipient :**

**Vanessa Eustace**

Title : --
Customer : DTZ, Inc.
Address : 275 Grove Street
Email : vanessa.eustace@dtz.com
Phone : 617-527-5222     Fax : 617-559-4103

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 524738705 | 2014CV244206 | DTZ, INC. |